### DEN ON THE DEMISE OF DOREMUS AND OTHERS v. ZABRISKIE.

The testator by will dated January 24th, 1789, after giving to his wife all his personal estate, together with the premises in question, for and during her natural life, devises as follows: " Item, I give, devise and bequeath unto my only child and loving daughter, Adriantye, now the wife of Adrian Brinkerhoff, and to her heirs *lawfully from her body begotten,* and assigns forever, after the decease of my said wife, all my whole estate, both real and personal, which said estate, both real and personal as aforesaid, I do hereby devise, and bequeath unto my said daughter Adriantye, and to her heirs and assigns, *as aforesaid,* after the decease of my said wife as aforesaid, exclusive, of her said husband Adrian Brinkerhoff, whom for certain reasons I do hereby exclude, and forever debar, to all intents and purposes, whatsoever, of inheriting any part, parcel or share of my said estate, either real or personal." *Held,* that Adriantye took an estate tail in the premises, on the death of her mother.

---

This was an action of ejectment for lands in the county of Bergen. The cause came before the court, upon the following state of the case agreed upon at the Circuit.

" This cause being duly noticed at the Circuit Court, held at New Barbadoes, in and for the county of Bergen, before the Chief Justice, JOSEPH C. HORNBLOWER, Esquire, on the 15th day of September, in the year of our Lord one thousand eight hundred and thirty-five, being called on, when the following case was agreed on between the parties and their counsel. The plaintiff having declared *pro ut* his declaration, and the defendant pleaded *pro ut* his plea. That Benjamin Van De Linde

being seized in fee simple of the premises in question, on the 24th day of January, in the year of our Lord one thousand seven hundred and eighty-nine, duly made, signed, sealed and published his last will and testament, in the presence of three witnesses, which will was executed and attested as by law is required to pass real estate, and is in the words and figures following, that is to say,—" In the name of God, Amen, I Benjamin Van De Linde, Minister of the Gospel in the congregation of Paramus and the Ponds, in the county of Bergen and State of New Jersey, being at present weak in body, and in an ill state of health, but through the goodness of God, of sound disposing mind, memory and understanding, but considering the shortness and uncertainty of this human and mortal life, Do make, ordain and publish this my last will and testament, in manner and form following, to wit. First, I recommend my soul into the hands of Almighty God my Maker, who gave it, not doubting of a joyful resurrection at the last day through the merits of Jesus Christ our Blessed Saviour and Redeemer. Second, I will and desire that my body shall be buried in a Christian decent like manner, at the discretion of my dear wife and other executors hereinafter named and appointed, as to my worldly estate, wherewith it hath pleased God to bless me in this life. I do hereby give, devise and dispose thereof in manner and form following, to wit. First, I will, order and direct that all my just debts and funeral charges shall be well and truly paid, and satisfied out of my personal estate by my executrix and executors hereinafter named, within a convenient time after my decease. Item, I give, devise and bequeath unto my dear and loving wife Elizabeth Van De Linde, and to her heirs and assigns forever, all that certain small tract, or lot of land situate, lying and being in the township of Harrington, county and State aforesaid, at or near Saddle River Meeting House, together with all and singular the appurtenances thereunto belonging, containing about sixty acres, be the same more or less. Item, I give and bequeath unto my said beloved wife Elizabeth Van De Linde, the residue and remainder of my whole estate, both real and personal of what nature or kind soever the same may be or wheresoever the same may

be found or discovered, for and during her natural lifetime. Item, I give, devise and bequeath unto my only child and loving daughter Adriantye, (now wife of Adrian Brinkerhoff,) and to her heirs lawfully from her body begotten, and assigns forever, (after the decease of my said loving wife Elizabeth, all my whole estate, both real and personal of what nature or kind soever or whatsoever or wheresoever the same may be found or discovered,) excepting and reserving the lands herein before devised unto my said loving wife Elizabeth Van De Linde, (which said estate both real and personal as aforesaid,) except as is before excepted, I do hereby devise and bequeath unto my said daughter Adriantye, and to her heirs and assigns as aforesaid, after the decease of my said loving wife as aforesaid, exclusive of her said husband Adrian Brinkerhoff, whom (for certain reasons) I do hereby exclude and forever debar to all intents and purposes whatsoever, of inheriting any part, parcel or share of my said estate, either real or personal.   Lastly, I do hereby ordain, constitute and appoint my said loving wife Elizabeth Van De Linde, executrix, and my trusty friends Abraham Westervelt and Albert Ja. Zabriskie, executors of this my last will and testament, hereby revoking, disannulling and making void all former wills and testaments by me made, ratifying and confirming this and no other to be my last will and testament.   In witness whereof, I have hereunto set my hand and seal, this 24th day of January, in the year of our Lord one thousand seven hundred and eighty-nine.   BN. VAN DE LINDE, (*L. S.*)

Signed, sealed, published, pronounced and declared, by the said Benjamin Van De Linde, as and for his last Will and Testament, in the presence of us who have hereunto subscribed our names as witnesses, in the presence of the said testator, and of each other.   Jacobus Bogert, Stephen Bogert, Jr. Warren Chapman.—That Benjamin Van De Linde, departed this life on or about the month of August, in the year of our Lord one thousand, seven hundred and eighty-nine, possessed of the said real estate, now in question, and without altering or revoking his said will, and leaving his wife, Elizabeth Van De Linde, and his daughter Adriantye, his only child, surviving him, who, prior to the death of her father, had intermarried with Adrian Brink-

Den ex dem. Doremus and al. *v.* Zabriskie.

erhoff. After the death of Benjamin Van De Linde, his widow Elizabeth Van De Linde, entered on the premises in question, and continued possessed thereof until the time of her death. She died on the twenty-second day of June, in the year of our Lord one thousand eight hundred and ten, leaving her daughter Adriantye, her only child, her surviving. After the death of Elizabeth Van De Linde, her daughter Adriantye with her husband Adrian Brinkerhoff took possession of the premises in question, and continued in possession until the death of Adriantye, who died on the 13th day of August 1832, leaving the following named children, her surviving, to wit: John Van De Linde Brinkerhoff, her eldest son still living, Ann who has intermarried with Gabriel Genung, also Hester intermarried with Peter Jackson, two of the lessors of the plaintiff, and Jane intermarried with Albert G. Doremus, two other of the lessors of the plaintiff. Adriantye had three other children, namely, Elizabeth Bertram who was her eldest child, Benjamin Van De Linde Brinkerhoff, and Peter Schuyler Brinkerhoff, which three last named children died in the lifetime of their mother. That Elizabeth Bertram left one son still living, and Benjamin Van De Linde Brinkerhoff left one son still living, Peter Schuyler Brinkerhoff died leaving several children him surviving and still living. Adrian Brinkerhoff the husband of Adriantye died on the 13th of January 1835. On the 24th day of May 1826, John Van De Linde Brinkerhoff the eldest son of Adriantye Brinkerhoff and Sarah his wife, conveyed the premises in question, by regular conveyance to William Nicoll, *pro ut* the deed, and on the 31st day of January 1835, made another conveyance of the same premises to the said William Nicoll, *pro ut* the deed, under whom the present defendant claims, and is in possession as purchaser under said Nicoll. The plaintiff claims two undivided seventh parts of the premises in question. And it is agreed that if upon the above state of the case, the court shall be of opinion, that the plaintiff is entitled to recover, then judgment shall be rendered in his favour according to his right, otherwise that judgment shall be rendered for the defendant; and it is further agreed that either

of the parties, plaintiff or defendant, be at liberty to turn this case into a special verdict.

*P. Dickerson* and *T. Frelinghuysen*, for plaintiff.

*R. Campbell* and *I. H. Williamson*, for defendant.

The opinion of the court, was delivered by

HORNBLOWER, C. J.    This cause comes before the court upon a case made at the Circuit.   The whole matter turns upon the construction of so much of the will of Benjamin Van De Linde, as is contained in the words hereafter quoted.   The testator made his will on the 24th day of January, 1789, and after giving to his wife all his personal estate, together with the premises in question, for and during her natural life, devises as follows : " Item : I give, devise and bequeath unto my only child and loving daughter, Adriantye, now the wife of Adrian Brinkerhoff, and to her heirs, *lawfully from her body begotten*, and assigns forever, after the decease of my said wife, all my whole estate both real and personal—which said estate, both real and personal as aforesaid, I do hereby devise and bequeath, unto my said daughter Adriantye, and to her heirs and assigns, *as aforesaid*, after the decease of said my wife as aforesaid, exclusive of her said husband, Adrian Brinkerhoff, whom, for certain reasons, I do hereby exclude and forever debar, to all intents and purposes whatsoever, of *inheriting* any part, parcel, or share of my said estate, either real or personal."   It is sufficient, without stating the subsequent history of the family, to say, that both parties claim under the will of Benjamin Van Delinde, and that it is admitted, that if Adriantye Brinkerhoff did not take a fee simple in the lands in question ; then the plaintiff cannot prevail.

The testator died in August 1789, and consequently before the statute *de donis* was repealed ; but it was thrown out in argument, by one at least of the plaintiff's counsel, that by virtue of the act of 26th August, 1784, *Rev. Laws*, 60, and the act explanatory of that, passed the 23d March, 1786, *Pat. Laws*, 78, the estate became a fee simple in the daughter, notwithstanding the words of limitation annexed to the devise to her.   This however, was not much insisted on, nor could it be,

with any prospect of success. If any doubt could exist, since the exposition of those statutes, in the case of *Den* v. *Robinson*, 2 *South*. 689, it must arise upon the last clause of the act of August, 1784, by which it is enacted "that no entailment of lands, shall continue to entail the same, in any case whatever, longer than the life of the person to whom the same hath been or shall be first devised, by such entailment." But there is no room for such doubt in this case; for the testator did not give the land, to his wife, *in tail*, it was not *entailed* in the devise to her; but after her death, it was given to his daughter Adriantye, in tail. If then, during the life of Adriantye, it continued in tail, it did not cease to be so, until she died; and *eo instantur*, it vested in *the heir of her body*, and at the same instant, by force of the statute, the entailment ceased, and it became a fee simple in him. It cannot be seriously contended, that during the lifetime of Adriantye, it continued an entailment, and yet that she died seized *in fee*, and so that upon her death it descended to her heirs general.

More reliance however, was placed by counsel, on the general intention of the testator to give his daughter a fee simple, and they supposed such intention was apparent on the face of the will. In the first place, because he had made no provision for the other children of his daughter. 2ndly, because he used the words "assigns;" and 3dly, because he was desirous of excluding his son-in-law, who, he evidently thought, might *inherit* the land from her, if he did not limit it to the heirs of her body, and that therefore the testator must be understood to mean, by the words *heirs of her body*, nothing more than an intention to exclude her husband. But we cannot ride over a plain and express limitation, upon such slender grounds as these. As to the word "*assigns*," in the manner and connection in which it is used by the testator in this will, it has never been considered sufficient to control the previous words of limitation. In *Measure* v. *Gee*, 5 *Barn. and Ald.* 910, the gift was to A for life, remainder to *the heirs* of the body of A, *his, her* and *their* heirs and assigns forever, and it was held to be an estate tail. In a recent treatise by WILLIAM HAYES, Esq. barrister at law, 7th *vol. of Law. Lib.* he has given analytical tables, in

which may be found a number of cases, showing that super-added words, such as those in the case just cited, and other forms of expression, such as " and his heirs forever" or " and their heirs ;" and also, that words of modification of the gift, such as, " as tenants in common, and not as joint tenants," or " share and share alike as tenants in common, &c." have not been permitted to control the express limitation to the heirs of the body. In *Wright* v. *Scott,* 4 *Wash. Cir. C. R.* 16, the testator had given his estate real and personal to his daughter and her husband, " and to their heirs begotten of their bodies, or assigns forever ; or for want of such heirs or assigns, then to the heirs begotten by or of either of them, and to their assigns forever." And Justices WASHINGTON and PENNINGTON were clearly of opinion, that the daughter and her husband took an estate tail; and in the event of their death without issue, then it was given to the heirs of the body of the survivor. If I am asked, what then did the testator mean by the words, " and assigns forever," I can only reply in the language of Justice WASHINGTON, in the case just cited, " it is not easy to say, possibly he might have meant to apply them exclusively, to the *personal estate, reddendo singula singulis;* or he may have used them, as they are used in deeds, when superadded to heirs, without any meaning whatever," or as mere words of form ; and I will add in the language of the same learned Judge, " Be this as it may, they (the words in question) cannot admit of the construction contended for, without defeating the manifest intention of the testator, which is a sufficient reason for reject-ing it." *Vid. Goodright* v. *Pullin,* 2 *Ld. Raym.* 1437, *S. C.* 2 *Str.* 729, and cases cited in *note* 1. There is no doubt, that the words " heirs of the body " will yield to the intent of the testator, where that intent is plain and manifest on the face of the will, as in the cases cited by the defendant's counsel. For instance, in the case of *Doe* v. *Laming,* 2 *Burr.* 1100, the devise was, " to my niece A. C. *and to the heirs of her body* lawfully begotten, or to be begotten, as well females as males, *and to their heirs and assigns forever ;* to be divided equally, share and share alike, as tenants in common, and not as joint tenants." Now it is as clear, as Mr. Justice WILMOT remarked,

that the testator in this case, did not use the words " *heirs of the body*" as words of *limitation*, as if he had expressly said, " *I do not intend these words in that sense.*" But in the case before us, there is literally nothing on the face of the will to raise or justify even a suspicion that the testator did not mean what he said. The superadded words " and assigns forever," have really no meaning in the connection in which they stand, unless as before suggested, they were used in reference to the personal estate, And as to the intention of the testator to exclude his son-in-law from the inheritance, the argument to my mind, is against the plaintiffs' construction. Had he given his daughter a fee simple, her husband might in more ways than one, have got the whole estate in his hands; whereas by giving her an estate tail, he effectually excluded him from getting the title and control of the estate. I did not understand the counsel, as taking the bold and broad ground that the devise was to the daughter for life only, with remainder to her children *as purchasers*, in fee, and if such a suggestion was made, it was certainly without foundation. This is not a case, in which we must, (as was done in the case of *Doe* v. *Laming*, 2 *Burr.* 1100,) consider the words " *heirs of her body*," as words of *purchase*, and *descriptive* only, of *her children*, in order to effectuate the intent of the testator, for no such intent is apparent on the will.

The ground taken by the plaintiffs' counsel was, that the testator's daughter Adriantye, took a fee simple, and this construction was attempted to be sustained and fortified, by a critical examination of the latter clause, or rather the repetition of the devise, to which is annexed the exclusion of the husband. The testator after giving the estate to his daughter, " and to her heirs lawfully from her body begotten," adds, " which said estate, I do hereby devise and bequeath unto my said daughter Adriantye, and *to her heirs and assigns*, AS AFORESAID, exclusive of her said husband, &c." First : it is said the words *as aforesaid* in this latter clause, refer to and are substituted for the word *forever*, in the first clause; and then it will be read, " which said estate I devise and bequeath to my said daughter Adriantye her heirs and assigns *forever*." So making

by this latter clause, which must prevail over the former, a complete gift in fee, in express terms. This argument is ingenious, but not sound. Instead of introducing a new devise in the will, the testator only recited the one already made, for the simple purpose of coupling it with an exclusion of the husband, and for the sake of brevity, omits the formal words of limitation, substituting for them, the words *as aforesaid.* So that those words refer to and stand for, the particular description of heirs before mentioned, and not exclusively to the word *forever.* This I think is the plain and true reading of the will, and therefore that the criticism of the plaintiffs' counsel, will not help him. In my opinion, the defendant is entitled to judgment.

*Judgment for defendant.*

AFFIRMED *by Court of Errors, Hal. Dig.* 375.